UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR L. HUERTAS, | : Civil Action No. 06-cv-04676 |
| Plaintiff, | : |
| v. | : **OPINION** |
| CITY OF CAMDEN, CITY OF CAMDEN POLICE DEPARTMENT, OFFICER WARREN BROWN, and JUAN C. ANDINO | : |
| Defendants. | : |

**APPEARANCES:**

Hector L. Huertas
P.O. Box 448
Camden, NJ 08101

   *Pro Se Plaintiff.*

Mark M. Cieslewicz, Esquire
Office of the City Attorney
City Hall
4th Floor, Suite 419
P.O. Box 915120
Camden, NJ 08101

   *Attorney for Defendants, City of Camden, City of Camden
   Police Department, and Officer Warren Brown.*

**HILLMAN**, District Judge

        This matter is before the Court on Plaintiff's appeal

of the Order entered by the Honorable Ann Marie Donio, U.S.M.J.,

dismissing in part and denying in part Plaintiff's motions to

compel and for sanctions.  Plaintiff's motions requested the

Court to compel Defendant City of Camden to answer Plaintiff's

interrogatory #7 and to impose sanctions.  Judge Donio dismissed this motion as moot and denied sanctions.  Plaintiff also moved for sanctions and requested the Court to compel defense counsel and the court stenographer to abide by Fed. R. Civ. P. 30(e), to preclude the continuation of his deposition, and to impose sanctions.  Judge Donio dismissed Plaintiff's motion to compel, denied Plaintiff's motion to preclude the continuation of his deposition, and denied sanctions.

For the reasons expressed below, Magistrate Judge Donio's Order will be affirmed.

I.   **BACKGROUND**

On September 28, 2006, Plaintiff filed a Complaint against Defendants City of Camden, City of Camden Police Department, Officer Warren Brown, and Juan C. Andino seeking a temporary restraining order and a preliminary injunction pursuant to Fed. R. Civ. P. 65.  Plaintiff alleges that Defendants prevented him from engaging in lawful activities and visiting his terminally ill mother without establishing probable cause of wrongdoing.

More specifically, plaintiff alleges that on September 16, 2006, Defendant Andino arrived at Plaintiff's residence and demanded that Plaintiff drop simple assault charges then pending against him, and, in exchange, Andino would allow Plaintiff to visit Plaintiff's mother who resided in the same residence as

2

Andino.  Plaintiff claims that later on in the day, he arrived at this residence to visit with his terminally ill mother. Plaintiff further alleges that although Plaintiff's half brother, Miguel A. Cruz, and his father, Juan M. Cruz, Sr., own the residence, Andino contacted the police during the visit.   While Plaintiff was outside the residence, Plaintiff claims that Defendant Brown beckoned to Plaintiff, told him that "there have been too many calls here," and told him to leave the area. Plaintiff allegedly requested a police report from Brown who allegedly responded by providing his name and badge number. Plaintiff claims he later called a police emergency number and informed the dispatcher about the interaction.

With regard to the first motion at issue in this appeal, Plaintiff requested the court to compel the City of Camden to respond to Plaintiff's interrogatory #7 and for sanctions.[1]  Plaintiff contends that on October 29, 2007, he served the City of Camden with interrogatories and subsequently received their responses on February 13, 2008.  The Plaintiff took issue with the response to Interrogatory #7 which inquired into the identities of all police officers present during the September 2006 incident described in Plaintiff's Complaint.  The City of Camden's response identified only Defendant Brown as an officer involved in the incident, and stated that they were

---

[1] See document No. 28 on the Court's electronic docket.

3

"unable to determine at this time, whether any other Camden police officers were present at the time of Officer Brown's encounter with Mr. Huertas."

On February 13, 2008, Plaintiff sent to counsel for the City of Camden an "objection" to this answer, noting that "the City of Camden's answer to interrogatory No. 7 is woefully inadequate."  Plaintiff further stated in his "objection" that "the City did not specify if anyone checked the police logs [for the day of the incident], to identify any other officer who could have been there that day with Officer Brown."  According to the Opinion below, counsel for the City then told Plaintiff that he would "request a further search of police records" and advised Plaintiff that counsel would provide the information to Plaintiff once it was obtained.  Despite these apparently good faith efforts and assurances, on February 27, 2008, Plaintiff filed the motion to compel.  Subsequently, the City of Camden provided the Plaintiff a supplemental interrogatory response with the identity of a second officer present during the incident.[2]

The second aspect of this appeal concerns a second motion to compel and for sanctions filed by the Plaintiff on

_____

[2] Defense counsel had also advised Plaintiff by letter on April 3, 2008 that the Camden Police Department does not maintain a police log, and that Officer Brown "could not recall if another Camden City officer" responded to the incident.

April 9, 2008.[3]  In this motion, Plaintiff had requested the
Court to compel defense counsel and the court stenographer to
comply with Fed. R. Civ. P. 30(e).[4]  On March 17, 2008, defense
counsel deposed Plaintiff with both parties allegedly agreeing to
complete the deposition in thirty days.  Plaintiff claimed he
reiterated throughout the deposition his right to review the
deposition transcript and make any changes necessary before
signing it.  Plaintiff contended that defense counsel "persisted
in his bad faith not to instruct his deposition officer to
properly identify herself and properly provide her business
address on the record before beginning the deposition as mandated
by Fed. R. Civ. P. 30(b)(4)(A) and [(]B)."  Plaintiff further
claimed that during a discovery conference on April 8, 2008,
defense counsel implored him to review and sign his copy of the
deposition transcript at that time.  Plaintiff says he declined
to do so arguing that the rule allowed him thirty days to review
a deposition transcript and sign it.  In his motion before the
magistrate judge, Plaintiff requested the Court to terminate the
deposition, and have a copy of his deposition transcript mailed
to him so he could review the transcript, make changes, and
return it to the court stenographer within thirty days.

_____

   [3] See document No. 31 on the Court's electronic docket.

   [4] Fed.R.Civ.P. 30(e) provides a mechanism for witnesses to
review and makes changes to a deposition transcript.

Defendant responded to the motion to compel before the magistrate judge by contending that the court stenographer provided to Plaintiff on the date of the deposition her name, the company where she worked, and that Plaintiff could exercise his right to review the deposition transcript by traveling to the office of the court reporting company. Because Plaintiff allegedly stated that he was unable to travel to the office location and insisted that a copy of the deposition transcript be mailed to him, defense counsel told this court that he had suggested that the court reporting company could send the transcript to defense counsel's office and Plaintiff could review the transcript there, and defense counsel could subsequently return the transcript to the court reporting company.

On April 4, 2008, the court reporting company allegedly sent the transcript to defense counsel, and defense counsel allegedly made the transcript available to Plaintiff during the April 8, 2008 discovery conference. Plaintiff did not review the transcript at that time, and the next day, April 9, 2008, filed the motion to compel at issue here. On April 10, 2008, the court reporting company allegedly notified Plaintiff that Plaintiff's deposition transcript was available for review at the office of the court reporting company. In addition, on April 23, 2008, Plaintiff set forth in his reply to Defendants' opposition to his motion that he had "already made arrangements for payment and

mailing of his copy of the deposition transcript with the court reporter[.]"

　　　　With this procedural history, on June 9, 2008, Judge Donio issued an Order dismissing in part and denying in part Plaintiff's motions to compel and motions for sanctions from which Plaintiff now appeals.

## II.　DISCUSSION

### A.　Standard of Review

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988)(citation omitted).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).  A ruling is contrary to law if the magistrate judge has misinterpreted or

misapplied applicable law.  <u>Gunter v. Ridgewood Energy Corp.</u>, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  <u>Exxon Corp. v. Halcon Shipping Co., Ltd.</u>, 156 F.R.D. 589, 591 (D.N.J. 1994).

Here, Judge Donio's June 9, 2008 ruling pertains to a non-dispositive motion.  Therefore, the Court will examine Plaintiff's appeal under the "clearly erroneous or contrary to law" standard.[5]

**B.   Analysis**

In Plaintiff's appeal of Judge Donio's June 9, 2008 Order, Plaintiff addresses many issues, not all of which were raised in his motions and the Order at issue here.  The Court will address Plaintiff's appeal insofar as it relates Judge Donio's June 9, 2008 Order.[6]

---

[5] Several courts have held that a magistrate's order in a discovery dispute is subject to great deference and will only be reversed if found to be an abuse of discretion.  <u>Environmental Tectonics Corp., Intern. v. W.S. Kirkpatrick & Co., Inc.</u>, 659 F. Supp. 1381, 1399 (D.N.J. 1987).  Because this Court affirms Magistrate Judge Donio's Order, it is only necessary to consider the Order under the "clearly erroneous or contrary to law" standard.

[6] In Plaintiff's appeal, Plaintiff moves for the recusal of the magistrate judge.  28 U.S.C. § 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A motion for the recusal of Judge Donio addressed to this Court is invalid however.  <u>Doe v.</u>

### 1.   Plaintiff's Motion to Compel the City of Camden to Answer Interrogatory #7 (Doc. No. 28)

Plaintiff's first motion requested the Court to compel the City of Camden to answer interrogatory #7.  Rule 37(a) of the Federal Rules of Civil Procedure governs motions to compel discovery or disclosure.  Rule 37(a) provides that "on notice to other parties or affected persons, a party may move for an order compelling discovery or disclosure."  Fed. R. Civ. P. 37(a)(1).  Rule 37(a) further provides that a party can move for an order compelling a discovery response if "a party fails to answer an interrogatory submitted under Rule 33" or if "a party fails to respond that inspection will be permitted-- or fails to permit inspection-- as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  In addition to the motion to compel, a party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

In her June 9, 2008 Order, Judge Donio dismissed Plaintiff's motion to compel City of Camden to answer interrogatory #7 as moot.  The magistrate judge appears to have determined - and it

National Bd. of Medical Examiners, No. 99-4532, 2001 WL 1003206, at *3 (E.D. Pa. 2001).  A magistrate judge cannot be removed by another judge using a recusal standard.  Id.  The proper procedure would be to bring a motion to recuse before the magistrate judge.

appears to us - that the City of Camden responded to interrogatory #7 with the information known at the time, and subsequently supplemented the response when additional information became available.  Defense counsel also made documents relevant to interrogatory #7 available for inspection by Plaintiff.  Because the City of Camden had answered interrogatory #7 in full at the time Judge Donio decided on the motion, she found that Plaintiff's motion to compel City of Camden to answer interrogatory #7 was moot, and therefore, dismissed the motion.

Plaintiff argues that the gap of time between Plaintiff's October 29, 2007 service of interrogatories and City of Camden's February 13, 2008 response warrants the granting of the motion to compel.  Plaintiff cites Fed. R. Civ. P. 33(b)(2), which provides that "the responding party must serve its answers and any objections within thirty days after being served with the interrogatories."  However, in Plaintiff's appeal, Plaintiff at no point contends that the City of Camden has not sufficiently answered interrogatory #7.  Although the City of Camden may have delayed in answering interrogatory #7, this Court agrees that Plaintiff's motion to compel is moot once the interrogatory has been answered.  Therefore, the Court affirms Judge Donio's dismissal of Plaintiff's motion to compel the City of Camden to answer interrogatory #7.

## 2.    Plaintiff's Motion for Sanctions (Doc. No. 28)

In conjunction with Plaintiff's motion to compel the City of Camden to answer interrogatory #7, Plaintiff also requested that the Court impose sanctions.  Rule 37 of the Federal Rules of Civil Procedure governs the imposition of sanctions here.[7]  Upon a motion to compel a discovery response, Rule 37(a)(4) applies if the party has served answers to interrogatories but the answers are thought to be incomplete or evasive.  See State Farm Mut. Auto Ins. Co. v. New Horizont, Inc., No. 03-6516, 2008 WL 1977522, at *16 (E.D. Pa. 2008)(citation omitted).  If a court grants a motion to compel a discovery response or if the disclosure or discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). However, Rule 37(a)(5)(A)(i) further provides that a court must

---

[7]The Court notes that Judge Donio cited Fed. R. Civ. P. 37(d) in denying the motion for sanctions.  While at least one court has observed that Rule 37(d) "[does] not apply for anything less than a serious or total failure to respond to interrogatories, State Farm Mut. Auto Ins. Co., No. 03-6516, 2008 WL 1977522 at *16 (E.D. Pa. 2008)(citation omitted)(only if party wholly fails to respond to an entire set of interrogatories are sanctions under 37(d) appropriate), we note that Rule 37(a)(4) directs the court to treat an incomplete disclosure as a failure to disclose, the standard articulated in Rule 37(d).

not order this payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust."

In this case, Plaintiff certified that he had "in good faith attempted to confer with the City's attorney in an unsuccessful effort to secure the requested information without court action, including the request for admissions and request for production of documents." In his Affidavit, he set forth his interactions with defense counsel to demonstrate his efforts to obtain the information without court action. On February 13, 2008, Plaintiff mailed an "objection" to defense counsel. (Pl.'s Aff. ¶ 2.) On February 14, 2008, defense counsel called Plaintiff and stated that Officer Brown "does not remember any other police officers present during the incident." (Id. at ¶ 5.) However, defense counsel further avers that he told Plaintiff they would request a further search of police records. (Def's Letter Br. dated April 3, 2008 at 2.) On February 25, 2008, defense counsel again contacted Plaintiff and advised him that they were in the process of ascertaining the information at issue, and that defense counsel would provide the information to Plaintiff as soon as it was available. (Id.) Plaintiff then filed the motion to compel and motion for sanctions two days later.

12

Based on defense counsel's response to Plaintiff that the information was forthcoming, Plaintiff's subsequent filing of the motion two days later, and defense counsel's supplement to the interrogatory without court intervention, Judge Donio found that Plaintiff did not make a good faith effort to obtain the information at issue before seeking the Court's intervention and, therefore, denied Plaintiff's motion for sanctions. (Magistrate Judge's Order at 10.) This Court agrees with the determination of the magistrate judge that Plaintiff's actions fell within the scope of Rule 37(a)(5)(A)(i). Filing a motion to compel with the knowledge that defense counsel is in the process of obtaining the requested information clearly does not constitute a good faith effort to resolve the dispute without court action. Therefore, Judge Donio's denial of sanctions is affirmed.

### 3. Plaintiff's Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 30(d) and to Terminate his Deposition (Doc. No. 31)

Plaintiff's second motion [Doc. No. 31] requested the Court to compel defense counsel and the court stenographer to comply with Fed. R. Civ. P. 30(d) and to preclude the continuation of Plaintiff's deposition. Rule 30 of the Federal Rules of Civil Procedure governs the deposition process. Rule 30(e) provides that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or

13

recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Rule 30(d) provides that "a deponent or party may move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

In Plaintiff's motion to compel defense counsel and the court stenographer to abide by Fed. R. Civ. P. 30(e), Plaintiff requested that the Court order defense counsel and the court stenographer to mail a copy of the deposition transcript for review and signing within 30 days as required by Fed R. Civ. P. 30(e). In her Order, Judge Donio noted that on April 10, 2008, the court reporting company notified Plaintiff by letter that the transcript of his deposition would be available for his review for thirty days. Judge Donio further pointed out that in Plaintiff's reply to Defendant's opposition to the motion to compel, Plaintiff indicated that he had already made arrangements for payment and mailing of his copy of the deposition transcript with the court reporter. Therefore, Judge Donio found that Plaintiff's motion to compel defense counsel and the court stenographer to comply with Fed. R. Civ. P. 30(e) was moot and dismissed the motion.

In Plaintiff's appeal of Judge Donio's Order, Plaintiff

argues that it was erroneous for her to find that the court reporting company advised Plaintiff by letter on April 10, 2008 that the transcript of Plaintiff's deposition was available for Plaintiff's review at the court reporting company's office. Plaintiff further contends that the Defendants did not provide evidence that this letter was mailed to Plaintiff or received by Plaintiff.  Regardless of whether Plaintiff received the April 10, 2008 letter, Fed. R. Civ. P. 30(e) had been complied with because Plaintiff represented in his reply brief that he had already made arrangements to obtain the deposition transcript from the court reporting company.  Therefore, the Court finds that Judge Donio's dismissal of this motion as moot was not clearly erroneous.

Plaintiff also requested that the Court preclude the continuation of his deposition pursuant to Fed. R. Civ. P. 30(d). Judge Donio denied this motion because "Plaintiff cite[d] no evidence by defense counsel during the deposition to demonstrate that it was conducted in bad faith or in an attempt to unreasonably annoy, embarrass, or oppress Plaintiff."  In his appeal, Plaintiff has not further elaborated on how Judge Donio erred with regard to this decision.  Therefore, this Court concurs with Judge Donio that Plaintiff did not sufficiently provide evidence of defense counsel's alleged bad faith during the deposition, and accordingly, affirms her decision to deny

relief under Rule 30.

### 4.   Plaintiff's Motion for Sanctions (Doc. No. 31)

In conjunction with Plaintiff's motion to compel defense counsel and the court stenographer to comply with Fed. R. Civ. P. 30(d) and to preclude the continuation of his deposition, Plaintiff also moved for the imposition of sanctions.  Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "a motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Rule 37.1 of the Local Civil Rules for the District of New Jersey further provides that all discovery motions must be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve the issues raised by the motion.  L. Civ. R. 37.1(b)(1).  Local Rule 37.1 further provides that the affidavit must "set forth the date and method of communication used in attempting to reach agreement."  Id.

While Plaintiff certified that he had "in good faith attempted to confer with the City's attorney in an unsuccessful effort to secure the requested information without court action," Judge Donio noted that Plaintiff failed to state the methods and dates on which he attempted to resolve the dispute as required by L. Civ. Rule 37.1.  Judge Donio further noted that "Plaintiff

16

does not dispute that a copy of the deposition transcript was made available to him on April 8, 2008, one day before he filed the present motion to compel defense counsel to make such information available."  Because Plaintiff did not made a good faith effort to obtain the information without the Court's intervention, Judge Donio denied Plaintiff's request for sanctions.  This Court finds that Judge Donio did not clearly err in finding that Plaintiff did not meet the good faith standard required by Fed. R. Civ. P. 37(a)(1) and L. Civ. Rule 37.1, and therefore, affirms her denial of Plaintiff's motion for sanctions.

## IV.  CONCLUSION

For the foregoing reasons, Magistrate Judge Donio's June 9, 2008 Order is, in all respects, affirmed.  An appropriate Order will be entered.


Date: Nov. 6, 2008               __s/Noel L. Hillman____

At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.