UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HECTOR L. HUERTAS, | : Civ. No. 06-cv-4676-NLH-AMD |
| Plaintiff, | : |
| v. | : **OPINION** |
| CITY OF CAMDEN, CITY OF CAMDEN POLICE DEPARTMENT, OFFICER WARREN BROWN, and JUAN C. ANDINO | : |
| Defendants. | : |

**APPEARANCES:**

Hector L. Huertas
P.O. Box 448
Camden, NJ 08101

    *Pro Se Plaintiff.*

Mark M. Cieslewicz, Esquire
Office of the City Attorney
City Hall
4th Floor, Suite 419
P.O. Box 915120
Camden, NJ 08101

    *Attorney for Defendants City of Camden, City of Camden*
    *Police Department, and Officer Warren Brown.*

**HILLMAN**, District Judge

    This matter is before the Court on Plaintiff's appeal of the June 16, 2009 Order entered by the Honorable Ann Marie Donio, U.S.M.J., which granted a motion by Defendants to compel the continuation of Plaintiff's deposition and denied Plaintiff's informal request for an extension of time to object to the

Court's January 30, 2009 Order. For the reasons expressed below, Magistrate Judge Donio's Order will be affirmed.

**I.   BACKGROUND**

Having previously set forth the facts of this case at length in its Opinion dated November 6, 2008, the Court shall recount only those facts that bear directly on the instant appeal.

On March 17, 2008, Plaintiff was deposed by defense counsel from approximately 1:30 P.M. until 4 P.M., when the deposition was adjourned by agreement of the parties until a later date. On April 9, 2008, defense counsel mailed a notice of deposition to Plaintiff, scheduling the continuation of Plaintiff's deposition for April 16, 2008 at 1:00 P.M. However, Plaintiff allegedly failed to appear for his deposition or provide defense counsel with an explanation for his failure to attend. As a result, on February 17, 2009, Defendants filed a motion to compel the continuation of Plaintiff's deposition pursuant to Fed. R. Civ. P. 37(a)(1).

After considering the submissions of the parties, the Magistrate Judge issued an order granting Defendants' Motion to Compel on June 16, 2009.[1] Plaintiff now appeals that Order.

---

[1] The Court's Order also denied Plaintiff's request for an extension of time for ten days to file "written objections" to the "proposed findings and recommendations" in the January 30, 2009 Order without prejudice. Plaintiff has not, however, challenged that ruling in his appeal.

## II. DISCUSSION

### A. Standard of Review

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). A district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988) (citation omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

As the Order at issue here pertains to a non-dispositive

motion, the Magistrate Judge's ruling will be examined under the "clearly erroneous or contrary to law" standard.[2]

**B. Analysis**

As a preliminary matter, Local Civil Rule 72.1(c) of the District of New Jersey governs a party's appeal of a Magistrate Judge's determination of a non-dispositive matter. Local Rule 72.1(c) provides that a party "may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order." L. Civ. R. 72.1(c). In this case, Plaintiff had until June 26, 2009 to file an appeal of the non-dispositive June 16, 2009 Order. Plaintiff's failure to bring his appeal until July 1, 2009, well beyond the deadline for doing so, is by itself a sufficient basis for the Court to dismiss Plaintiff's appeal.

Moreover, even assuming *arguendo* that the appeal was timely filed, Plaintiff's appeal fails on the merits. The Order under appeal granted Defendant's motion to compel Plaintiff to appear for the continuation of his deposition which began on March 17, 2009. As the Magistrate Judge fully set forth in the Order, the

---

[2] Several courts have held that a Magistrate Judge's order in a discovery dispute is subject to great deference and will only be reversed if found to be an abuse of discretion. Environmental Tectonics Corp., Intern. v. W.S. Kirkpatrick & Co., Inc., 659 F. Supp. 1381, 1399 (D.N.J. 1987). Because this Court affirms the Magistrate Judge's Order, it is only necessary to consider the Order under the "clearly erroneous or contrary to law" standard.

Federal Rules of Civil Procedure provide that "a deposition is limited to 1 day of 7 hours," unless additional time is "needed to fairly examine the deponent," Fed. R. Civ. P. 30(d)(1), and that where not stipulated by the parties, a party must obtain leave of court before deposing a witness for a second time if "the deponent has already been deposed in the case," Fed. R. Civ. P. 30(a)(2)(A)(ii).  However, as the Magistrate Judge made clear, the requirement for leave of court "does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition." Fed. R. Civ. P. 30, Notes of Advisory Committee on 1993 Amendments to Rules.  Additionally, as the Magistrate Judge explained, a party may move to have the Court compel a deponent to appear for a deposition should the deponent fail to attend.  Fed. R. Civ. P. 37(a)(1).

In the underlying motion, Defendant represented that Plaintiff's deposition began at 1:30 P.M. on March 17, 2008 and was adjourned at approximately 4 P.M. upon agreement of the parties to resume the deposition in thirty days. Although the Magistrate Judge noted in the Order that Plaintiff disputed that there was an agreement to resume his deposition, the Magistrate Judge found that the Plaintiff had stated in a prior motion to compel: "On March 17, 2008 from approximately <u>1:30 pm</u> to <u>4:10 pm</u> Defendants' attorney, Mark M Cieslewicz, deposed Plaintiff

5

[Hector L. Huertas] with the intent to complete the deposition within one month."

Plaintiff now argues that he "was not put on notice concerning such argument" because the Defendants "did not put such argument forth to the Magistrate Court anywhere." Plaintiff seems to be asserting that the Magistrate Judge should not have looked beyond the submissions of the parties in determining whether they agreed to resume the deposition at a later date. Plaintiff has failed, however, to cite any authority in support of this position. Further, it is widely recognized that Courts may look to the record as a whole to determine motions before them. Matos v. City of Camden, 2009 WL 737101, *5 n.11 (D.N.J. 2009) (noting that "the Court or a jury cannot close its eyes" to statements by defendant in the record); First Colonial Ins. Co. v. Custom Flooring, Inc., 2007 WL 1175759, *3 (D.N.J. 2007) (explaining that a party cannot ask the court to ignore evidence in the record evidencing its citizenship); Akshayraj, Inc. v. Getty Petroleum Marketing, Inc., 2007 WL 708852, *3 (D.N.J. 2007) (stating that the "Court . . . cannot ignore the parties' briefing and representations at oral argument on the preliminary injunction motion, and the Court cannot ignore its findings and legal conclusions"). Therefore, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's own motion contained language indicating that the parties intended "to

6

complete the deposition within one month."

Plaintiff also argues that if he had been properly noticed concerning the argument above, he "would have argued that the evidence and documents the defendants seek now is plainly irrelevant and/or could have been obtained in the First [sic] deposition of March 17, 2008." However, Plaintiff's arguments in this regard are of no avail. Any arguments as to the relevancy of questions asked during the continuation of his deposition can be raised as objections at that time and are currently premature. Further, as the parties adjourned the deposition with the intention to resume at a later date, Defendants count not possibly have asked all the questions they intended. Fed. R. Civ. P. 30(d)(1) entitles Defendants to take a deposition lasting one day of seven hours, but the deposition on March 17, 2008 lasted less than three hours. Accordingly, these arguments do nothing to undermine the Magistrate Judge's ruling.

Additionally, Plaintiff argues that "the Magistrate Court itself has made clear that the 'second day of deposition' that defendants seek is irrelevant." In support of this position, Plaintiff relies on the fact that the Court had issued two prior Scheduling Orders that set deadlines for a final pretrial conference without having set a specific date for the continuation of Plaintiff's deposition. Plaintiff's argument is flawed. The fact that a scheduling order sets out one deadline

7

without making note of another is in no way an indication that the Court deems the second to be irrelevant. Further, Plaintiff fails to cite any language from the record indicating that the Court deems the continuation of Plaintiff's deposition to be "irrelevant." Accordingly, this argument is of no avail.

Next, Plaintiff appears to argue that Defendants' motion to compel should have been denied because the Magistrate Judge previously denied an informal request by Defendants to compel the same relief. However, the Magistrate Judge did not reach the merits of Defendants informal request in denying it. Instead, the Magistrate Judge ruled that Defendants request had to be raised by formal motion. In bringing the motion currently at issue in this appeal, Defendants were simply complying with the Magistrate Judge's directive. Further, the motion at issue meets all the requirements of Fed. R. Civ. P. 7(b)(1). Accordingly, these arguments are not a valid reason for overturning the Magistrate Judge's order.

Plaintiff also argues that defense counsel, Assistant City Attorney Mark Cieslewicz, has committed perjury in communications with the Plaintiff and Third Circuit Court personnel. In support of his position, Plaintiff claims that a statement made by Mr. Cieslewicz during Plaintiff's March 17, 2008 deposition and Mr. Cieslewicz's refusal to appear concerning Plaintiff's Writ of Mandamus each constituted perjury. In order to commit perjury,

8

one must make a false statement either "after having taken an oath before a competent tribunal" or in a "statement under penalty of perjury."  18 U.S.C. §1621.  Mr. Cieslewicz was not under oath and did not submit a statement under penalty of perjury during the instances Plaintiff describes.  Accordingly, these instances are not capable of constituting perjury in violation of 18 U.S.C. §1621.

Finally, although Plaintiff has titled his appeal, in part, "Motion to Recuse Magistrate [Ann M. Donio]," he fails to raise the issue of recusal in the body of his appeal.  Further, as the Court has previously ruled in this case, 28 U.S.C. § 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A motion for the recusal of Judge Donio addressed to this Court is therefore invalid.  Doe v. National Bd. of Medical Examiners, No. 99-4532, 2001 WL 1003206, at *3 (E.D. Pa. 2001).  A magistrate judge cannot be removed by another judge using a recusal standard.  Id.  The proper procedure would be to bring a motion to recuse before the magistrate judge.

The Court agrees with the Magistrate Judge's conclusion that Fed. R. Civ. P. 26(b)(2) does not warrant the preclusion of the continued deposition in this case.  The continuation of Plaintiff's deposition would not be "unreasonably cumulative or

9

duplicative," and can not "be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). The Court also agrees with the Magistrate Judge's finding that "the burden or expense" of continuing Plaintiff's deposition does not "outweigh[] its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

Accordingly, the Court can not find that the Magistrate Judge's June 16, 2009 Order to compel Plaintiff to appear is either "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, the Court affirms the Magistrate Judge's decision to grant Defendants' motion to compel Plaintiff to appear for a continued deposition.

**IV. CONCLUSION**

For the foregoing reasons, the Magistrate Judge's Order, dated June 16, 2009 is affirmed in all respects. An appropriate Order will be entered.

Date: September 24, 2009        S/ Noel L. Hillman          
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.